IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HOWARD HAYS                                                                                    PLAINTIFF

V.                                                                              NO.: 4:17CV133-MPM-RP

STATE OF MISS, ET AL.                                                                      DEFENDANTS

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Howard Hays, a Mississippi inmate, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against the State of Mississippi, the City of Greenwood, Leflore County, Raymond Moore, Sgt. Byron Granderson, and Sheriff Rickey Banks. Having fully reviewed Hays' complaint and the applicable law, the Court determines that res judicata bars this action.

### Screening Standards

Hays' complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA") because he has been permitted to proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

### Plaintiff's Allegations

Hays was on parole on September 26, 2014, when he was arrested by Sgt. Byron Granderson on charges of grand larceny and commercial burglary and was booked into the

Leflore County Adult Detention Center. Three days later, Hays' parole officer issued a warrant for Hays' arrest based on the new charges against Hays.

In this action, Hays claims that an unreasonable amount of time elapsed between his arrest and the judicial determination of probable cause for that arrest. He additionally contends that he was not timely advised of his right to counsel, and that he was wrongfully denied bond consideration. He asks the Court to release him, issue injunctive and declaratory relief, and award him punitive and compensatory damages for these alleged violations of his constitutional rights.

## Discussion

Hays concedes in his complaint that the events complained of in the instant action were previously litigated in *Hays v. Granderson*, 4:15cv51-NBB-DAS (N.D. Miss.). *See* Doc. #1 at 7. In that action, Hays sued Sgt. Granderson, the City of Greenwood Police Department, and Leflore County, alleging false arrest, malicious prosecution, and the denial of a prompt judicial determination of probable cause after his September 26, 2014, arrest. Ultimately, the Court entered summary judgment in favor of Defendants on the merits of Hays' claims. *See id*. at Doc. #112.

Hays' claims in the instant action are barred by the doctrine of res judicata, and as to at least some Defendants, the related doctrine of collateral estoppel. Collateral estoppel precludes relitigation of issues that were actually adjudicated in a prior case involving a party to that case. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and those in privity with them. *See, e.g., Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876). Res judicata generally applies if "(1) the parties are identical or in privity; (2) the judgment in the prior action

was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005) (citation omitted).

Hays has already litigated his claims concerning the alleged lack of a preliminary hearing and the denial of access to counsel following his September 26, 2014, arrest. Both the prior suit and this later-filed suit involve the same cause of action under the "transactional test," which provides that "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Petro—Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (citation omitted). Accordingly, Hays' assertion of additional facts and/or theories in this suit does not prevent application of res judicata, as the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Similarly, the fact that Hays has named additional defendants in this later-filed action does not shield him from the preclusive effect of res judicata. *See, e.g., Caballero v. Robinson*, 95 F.3d 49, 1996 WL 457298, at *1 (5th Cir. July 8, 1996) (finding "unavailing" plaintiff's contention that his suit was not res judicata because he named new additional defendants in the later-filed case).

In sum, the instant suit is duplicative of Hays' earlier-filed action. Because Hays' claims in this lawsuit were considered and ruled on in *Hays v. Granderson*, 4:15cv51-NBB-DAS (N.D. Miss.), res judicata bars this action, and it is frivolous and malicious. *See, e.g., Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1091, 1021 (5th Cir. 1988).

**Conclusion**

For the reasons as set forth herein, the instant action is **DISMISSED WITH PREJUDICE** as frivolous and malicious, 28 U.S.C. § 1915(e)(2)(B)(i), counting as a "strike" under 28 U.S.C. § 1915(g). A final judgment in accordance with this Order will be entered today.

**SO ORDERED** this 12th day of October, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE